**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AMANDA K. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. 2:18-cv-00621-RFB-GWF<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court is Plaintiff Amanda K. Johnson's Motion for Summary Judgment, ECF No. 16, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 19.

For the reasons discussed below, the Court finds that the ALJ's decision contains error at step five that was not harmless. Therefore, the Court grants Plaintiff's motion and remands to Defendant for limited additional consideration.

### II.　BACKGROUND

On June 3, 2014, Plaintiff completed an application for disability insurance benefits alleging disability since January 1, 2010. AR 95. Plaintiff was denied initially on December 2, 2014 and upon administrative reconsideration on May 26, 2015. AR 95. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on September 1, 2016. AR 95. At the hearing, Plaintiff amended the alleged onset date of disability to June 3, 2014. AR 95. In an opinion dated November 14, 2016, ALJ Gary L. Vanderhoof found Plaintiff not disabled.

AR 95–106. The Appeals Council denied Plaintiff's request for review on February 9, 2018, rendering the ALJ's decision final. AR 1–4.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since June 3, 2014, the alleged onset date and application date. AR 97. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, degenerative disc disease of the lumbar spine with radiculopathy, and an affective disorder. AR 97–98. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 99–101.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 416.967(b), except that she can stand and walk for only three hours during an eight-hour work day; can sit for six hours out of an eight-hour workday; can perform occasional postural tasks but cannot climb ladders, ropes, or scaffolds; must avoid concentrated exposure to vibrations; cannot work around unprotected heights or dangerous moving machinery; would use a brace on the right leg; can perform simple non-complex work with occasional routine work changes, and tending to work with things rather than people (such as one-on-one, or up to one-on-three); and can have occasional contact with co-worker and supervisors, but no tandem work or work involving high production quotas or fast-paced activities and with few variables. AR 102–04. Based on this RFC, the ALJ found that, while Plaintiff has no past relevant work at step four, Plaintiff can perform jobs that exist in significant numbers in the national economy at step five. AR 104–06.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v.

Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F.3d at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison, 759 F.3d at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the

Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the claimant can make an adjustment to substantial gainful work other than his past relevant work. 20 C.F.R. § 404.1520(g).

## IV. DISCUSSION

### A. Step Five

Plaintiff argues that the occupations identified by the ALJ at step five are inconsistent with Plaintiff's limitations. At the hearing, the ALJ questioned the vocational expert with the following hypothetical:

> I'd like you to assume an individual who now alleges disability – a younger individual at all times in question, 29, currently 31. Has, like she indicated, up to junior year of college in fine arts and music. Didn't get an AA degree. No past-relevant work history. I'm going to impose these limitations for my first hypothetical. Avoid concentrated exposure to vibrations as a condition of employment. Lift and carry 20, occasionally 10 pounds frequently. Ten pounds is roughly a gallon of milk, which weighs about 8.8 pounds. Occasional posturals. And stand and walk, I'm going to restrict that to only two to three hours of an eight-hour day, sit six with the normal breaks. And considering the body habitus, physical condition, and other thing, I'm going to restrict the Claimant to no climbing of ladders, ropes, or scaffolds. No work at unprotected heights, around dangerous moving machinery. In the last eight months as she testified, she would use a walking brace on the, on the, let me see, right leg. But I'm going to restrict her non-exertion to be capable of understanding, remembering, and carrying out simple non-complex work. She could make decisions. Attend to deal appropriately with workplace peers, bosses, with occasional routine work changes. But any type of work, I would restrict to more, to more working with things rather than people. One on one, one on two, one on three in the area wouldn't be bad. I mean she sings with the choir. She does go briefly to the, to the store. And I'm going to also restrict her to just occasional interaction with coworkers and supervisors, but not in joint projects where she's working with other people together to perform a task. And no work involving a high production quota or very fast paced activities. Just give unskilled, repetitive, routine work with simple tasks with few variables. Within the confines of that, my first hypothetical, since she obviously has no past-relevant work history, my question to you would be any kind of work that you would recommend an individual with this profile, and if so, could you give me a few representative samples?

AR 208–09. All of these limitations were later present in the ALJ's RFC finding. AR 102. The

vocational expert testified that someone with these limitations could perform the following positions: document preparer (DOT number 249.587-018), system surveillance monitor (DOT number 379.367-010), and hand packer (DOT number 920.687-030). AR 210. Relying on this testimony, the ALJ incorporated these three positions in his decision and found that Plaintiff was not disabled. AR 106.

The ALJ acknowledged that the jobs of document preparer and surveillance systems monitor have a reasoning level of 3. AR 105. The ALJ noted, however, that "the Agency has not recognized as binding authority the findings of some courts that jobs with certain reasoning levels . . . may exceed the definition of 'simple' work. This discrepancy does not offend agency policy and any error is moot as alternative jobs have been described." AR 105.

The Ninth Circuit has plainly held that a problematic contradiction exists between a limitation to simple, routine tasks and the requirements of a position with a reasoning level of 3. Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015). An ALJ errs when he fails to recognize this inconsistency and ask the vocational expert to explain why a person limited to simple, routine work could nevertheless meet the demands of a job requiring a reasoning level of 3. Id. The ALJ therefore was not entitled to rely on the vocational expert's testimony with regard to the positions of document preparer and surveillance systems monitor.

The occupation of hand packer is unaffected by this discrepancy. The Dictionary of Occupational Titles ("DOT") describes the duties associated with the position as follows: "Wraps trademark band around cigars: Moistens or applies paste to tip end of band and presses ends of band together around cigars. Places banded cigars aside for further processing." DOT number 920.687-030. Plaintiff argues that this description of the work suggests constant use of Plaintiff's upper extremities and that this amount of constant activity is contrary to the ALJ's finding that Plaintiff cannot perform "work involving high production quotes or fast-paced activities." AR 102. Plaintiff also argues, based on a non-DOT resource, that hand packers typically engage in greater social contact than Plaintiff's RFC allows. But the ALJ need only reconcile discrepancies between an expert's testimony and the DOT that are "obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). In Gutierrez, for example, the ALJ was "entitled to rely on"

the vocational expert's testimony where the expert testified that the claimant could perform as a cashier, which the DOT states requires frequent reaching, despite the claimant's overhead reaching limitations with her right arm. Id. at 808–09. In this case, the DOT's description makes no mention of high production quotas, fast-paced activities, or any social contact whatsoever. The Court does not find that an obvious or apparent discrepancy exists between Plaintiff's RFC and the DOT's definition of hand packer.

Because the Court finds no error in the determination that a claimant with Plaintiff's RFC could perform the job of hand packer, the ALJ's error in relying on the jobs of document preparer and systems surveillance monitor is harmless so long as the occupation of hand packer alone sufficiently supports the ALJ's conclusion that Plaintiff can perform work that exists in significant numbers in the national economy. See Lara v. Astrue, 305 F. App'x 324, 326 (9th Cir. 2008) (unpublished). "'[W]ork which exists in the national economy" can be satisfied by 'work which exists in significant numbers *either* in the region where such individual lives *or* in several regions of the country.'" Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 528 (9th Cir. 2014) (quoting 42 U.S.C. § 1382c(a)(3)(B)). The vocational expert testified, and the ALJ found, the 23,271 hand packer jobs exist in the United States economy, of which 361 are in Nevada. This Court cannot conclusively determine that 23,271 jobs in the national economy, with only 361 available in Plaintiff's state, is sufficiently significant. See id. at 529 (upholding an ALJ's finding that 2,500 jobs in California constituted a significant number of jobs in the region where the claimant lived, and that 25,000 jobs constituted a significant number of jobs nationally, but noting that it was a "close call").

The Court cannot confidently conclude that the error was inconsequential to the ALJ's finding of non-disability. Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015); Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012). It is therefore appropriate to remand with instructions that the ALJ follow up with the vocational expert. See Randazzo v. Berryhill, 725 F. App'x 446, 448 (9th Cir. 2017) (unpublished).

**B. Credibility Determination**

Plaintiff argues that the ALJ improperly rejected Plaintiff's subjective symptom testimony.

The ALJ found that, while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 103.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of her symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). As of 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of record. Id.

The ALJ reasonably identified inconsistencies in some of Plaintiff's statements compared to other statements made by Plaintiff and the overall evidence of record. The ALJ noted that Plaintiff's testimony of social isolation is somewhat inconsistent with her testimony that she goes to church three time a week, including participation in Bible study and Praise Team singing rehearsals. AR 101, 104, 179. The ALJ acknowledged that Plaintiff experienced some social limitations, but not to the extent that Plaintiff testified. AR 104.

Additionally, Plaintiff's testimony that she has "no attention span" and a "very bad" short term memory is inconsistent with the results of her consultative examination. AR 194, 196. At the consultative examination, Plaintiff exhibited good recall and concentration, and Dr. Winkleman opined that Plaintiff could understand, remember, and carry out simple and limited detailed tasks without special supervision. AR 103. The ALJ balanced both the medical evidence and Plaintiff's subjective reporting in formulating an RFC. AR 103 ("The undersigned gave great weight to the opinion of Dr. Winkleman but in response to the claimant's subjective reporting,

increased the severity of each of the claimant's reported issues despite the poor support in the record[.]").

This Court finds that substantial evidence supports the ALJ's RFC finding, which appropriately balanced Plaintiff's representations of her limitations with her somewhat contradictory social activities and the objective medical evidence. The ALJ did not commit legal error in his evaluation of Plaintiff's statements.

**C. Remand**

The Court finds that the record is not fully developed and further administrative proceedings would serve a useful purpose. The Court finds no error in the ALJ's consideration of Plaintiff's testimony and the ALJ's ultimate RFC finding. However, the Court finds that the inconsistencies at step five discussed above are not harmless error. The Court therefore remands for an additional consultation with the vocational expert to determine whether work which exists in significant numbers in the national economy can be performed by Plaintiff, who is limited by her RFC to jobs requiring a reasoning level of no more than 2. Zavalin, 778 F.3d at 847.

**V. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 16) is GRANTED in part and Defendant's Cross Motion to Affirm (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for further administrative proceedings. On remand, the Appeals Council will remand the case to an ALJ for additional vocational expert consultation and a new decision.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED**: May 21, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**