1  Cyrus Safa
   Attorney at Law: 13241
2  Law Offices of Lawrence D. Rohlfing
   12631 East Imperial Highway, Suite C-115
3  Santa Fe Springs, CA 90670
   Tel.: (562) 868-5886
4  Fax: (562) 868-5491
   E-mail: rohlfing.office@rohlfinglaw.com
5
   Leonard Stone
6  Attorney at Law:  5791
   Shook & Stone, Chtd.
7  710 South 4th Street
   Las Vegas, NV 89101
8  Tel.: (702) 385-2220
   Fax:  (702) 384-0394
9  E-mail:  LMoreno@shookandstone.com

10 Attorneys for Plaintiff
   Amanda K. Johnson

11
                  **UNITED STATES DISTRICT COURT**
12
                       **DISTRICT OF NEVADA**
13

14
   AMANDA K. JOHNSON,                  ) Case No.:  2:18-cv-00621-RFB-CWH
15                                      )
              Plaintiff,                ) STIPULATION FOR THE AWARD
16                                      ) AND PAYMENT OF ATTORNEY
        vs.                             ) FEES AND EXPENSES PURSUANT
17                                      ) TO THE EQUAL ACCESS TO
   ANDREW M. SAUL,                      ) JUSTICE ACT, 28 U.S.C. § 2412(d)
18 Commissioner of Social Security,     ) AND COSTS PURSUANT TO 28
                                        ) U.S.C. § 1920
19            Defendant.                )
                                        )
20 _____ )

21
        TO THE HONORABLE CARL W. HOFFMAN, MAGISTRATE JUDGE
22
   OF THE DISTRICT COURT:
23
        IT IS HEREBY STIPULATED by and between the parties through their
24
   undersigned counsel, subject to the approval of the Court, that Amanda K. Johnson
25
   be awarded attorney fees and expenses in the amount of THREE THOUSAND
26

                                     -1-

1   NINE HUNDRED dollars ($3,900.00) under the Equal Access to Justice Act

2   (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount

3   represents compensation for all legal services rendered on behalf of Plaintiff by

4   counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920;

5   2412(d).

6        After the Court issues an order for EAJA fees to Amanda K. Johnson, the

7   government will consider the matter of Amanda K. Johnson's assignment of EAJA

8   fees to Cyrus Safa.  The retainer agreement containing the assignment is attached

9   as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability

10  to honor the assignment will depend on whether the fees are subject to any offset

11  allowed under the United States Department of the Treasury's Offset Program.

12  After the order for EAJA fees is entered, the government will determine whether

13  they are subject to any offset.

14       Fees shall be made payable to Amanda K. Johnson, but if the Department of

15  the Treasury determines that Amanda K. Johnson does not owe a federal debt, then

16  the government shall cause the payment of fees, expenses and costs to be made

17  directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment

18  executed by Amanda K. Johnson.[1]  Any payments made shall be delivered to

19  Cyrus Safa.

20       This stipulation constitutes a compromise settlement of Amanda K.

21  Johnson's request for EAJA attorney fees, and does not constitute an admission of

22  liability on the part of Defendant under the EAJA or otherwise.  Payment of the

23  agreed amount shall constitute a complete release from, and bar to, any and all

24

25  [1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien
26  under federal law against the recovery of EAJA fees that survives the Treasury
    Offset Program.

1  claims that Amanda K. Johnson and/or Cyrus Safa including Law Offices of

2  Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with

3  this action.

4      This award is without prejudice to the rights of Cyrus Safa and/or the Law

5  Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under

6  42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

7  DATED: August 12, 2019        Respectfully submitted,

8                 LAW OFFICES OF LAWRENCE D. ROHLFING

9                    /s/ *Cyrus Safa*

10         BY:_____
                 Cyrus Safa

11                  Attorney for plaintiff Amanda K. Johnson

12 DATED: August 12, 2019

13                  NICHOLAS A. TRUTANICH

14                  United States Attorney

15

16                   /s/ *Asim Modi*

17                  _____
                 ASIM MODI
                 Special Assistant United States Attorney

18                  Attorneys for Defendant
                 (Per e-mail authorization)

19

20               IT IS SO ORDERED:

21 DATED:

22

23              _____
             RICHARD E. BOULWARE, II

24              **United States District Court**
             DATED this 8th day of April, 2022.

25

26

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

On this day of August 13, 2019, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ms. Amanda K. Johnson
1316 West Monroe Avenue
Las Vegas, NV 89106

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Cyrus Safa
TYPE OR PRINT NAME

/s/ Cyrus Safa
SIGNATURE

1

2

## CERTIFICATE OF SERVICE
## FOR CASE NUMBER  2:18-CV-00621-RFB-CWH

3    I hereby certify that I electronically filed the foregoing with the Clerk of the

4  Court for this court by using the CM/ECF system on August 14, 2019.

5    I certify that all participants in the case are registered CM/ECF users and

6

7  that service will be accomplished by the CM/ECF system, except the plaintiff

8  served herewith by mail.

9                                        /s/ *Cyrus Safa*

10                                        _____

11                                        Cyrus Safa
                                         Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on January 14, 2017, by and between the Law Offices of Lawrence D. Rohlfing referred to as attorney and **Ms. Amanda K. Johnson**, S.S.N.        -7359, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing to represent Claimant as Ms. Amanda K. Johnson's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00**, whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed, and claimant grants a lien to Attorney for reasonable fees.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to prior or referring attorneys or bar referral service.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.

It is so agreed.

Ms. Amanda K. Johnson

Law Offices of Lawrence D. Rohlfing
Attorney Steven G. Rosales

2-16-17